IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41104
Summary Calendar

_____

WAYMOND LEE JACKSON,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Texas Department of Criminal Justice,
Institutional Division,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-96-CV-462

_____

April 29, 1999

Before JOHNSON, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Waymond Lee Jackson, Texas prisoner # 696015, appeals the district
court's dismissal of his 42 U.S.C. § 1983 claim as frivolous.  Jackson
alleged in his original complaint that he was denied adequate medical
care by Director Scott.  He subsequently made allegations regarding the
denial of medical care by prison medical personnel in pleadings that the
district court should have construed as amendments to his complaint.
See FED. R. CIV. P. 15(a); United States v. Riascos, 76 F.3d 93, 94 (5th
Cir. 1996).  He further alleged in his pleadings that a prison officer

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5th CIR. R. 47.5.4.

was negligent in failing to maintain the prison restroom area in a safe condition.  Jackson argues that the district court abused its discretion in declining to exercise its supplemental jurisdiction over his state law negligence claim.

After careful review of both the record and Jackson's brief, we affirm the dismissal of Jackson's claim that he was denied adequate medical care.  Jackson's allegations merely assert a malpractice claim, which is not sufficient to support a § 1983 cause of action.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Because negligence is not actionable under § 1983, we also affirm the district court's dismissal of Jackson's claim that a prison officer failed to properly maintain the prison restroom area.  See Marsh v. Jones, 53 F.3d 707, 711-12 (5th Cir. 1995).  Finally, we find that the district court did not abuse its discretion in declining to exercise its supplemental jurisdiction over Jackson's state law negligence claim. See Cinel v. Connick, 15 F.3d 1338, 1344 (5th Cir. 1994).

AFFIRMED.